**Reva M. SMITH, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 85–787.**

United States Court of Appeals, Federal Circuit.

April 19, 1985.

Reva M. Smith, Duncan, Okl., pro se.

William J. Snider, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and SKELTON, Senior Circuit Judge.

MARKEY, Chief Judge.

Reva M. Smith (Smith) appeals from a decision of the Merit Systems Protection Board (board), No. DA08318410271, 23 M.S. P.R. 701, sustaining the Office of Personnel Management's (OPM's) discontinuance of her disability retirement annuity. We affirm.

### Background

Smith was granted a disability retirement annuity in July 1975. OPM discontinued Smith's annuity as of December 31, 1982 on the ground that her earning capacity had been restored. The statute, 5 U.S.C. § 8337(d) (1982), provides:

If an annuitant receiving disability retirement annuity from the Fund, before becoming sixty years of age, is restored to an earning capacity fairly comparable to the current rate of pay of the position occupied at the time of retirement, payment of the annuity terminates on reemployment by the Government or 180 days after the end of the calendar year in which earning capacity is so restored, whichever is earlier. Earning capacity is deemed restored if in any calendar year the income of the annuitant from wages or self-employment or both equals at least 80% of the current rate of pay of the position occupied immediately before retirement.

OPM determined that the salary for Smith's position (GS–3, step 3) as of December 31, 1980 was $10,418, and as of December 31, 1981 was $10,917. Smith's wage and tax statements for these years reflect that she earned $8,443.88 in 1980 and $10,074 in 1981. Smith presented no evidence contradicting those figures.

Because Smith's income for 1980 and 1981 thus exceeded 80% of the current rate of pay for a GS–3, step 3, the board af-

firmed OPM's determination that Smith had been restored to earning capacity effective January 1, 1983.*

## Opinion

### Jurisdiction

■ The government has challenged this court's jurisdiction in its brief. The Supreme Court, however, has determined that this court must exercise a limited jurisdiction over appeals from denials of requests for disability annuities. *See Lindahl v. Office of Personnel Management,* —— U.S. ——, ——, 105 S.Ct. 1620, 1628, 84 L.Ed.2d 674 (1985).

### Merits

■ The factual underpinnings of disability determinations are not subject to judicial review, but this court is required to determine whether "there has been any substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Lindahl v. Office of Personnel Management,* —— U.S. at ——, 105 S.Ct. at 1628; *Scroggins v. United States,* 397 F.2d 295, 297, 184 Ct.Cl. 530 (1968), *cert. denied,* 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968).

■ Citing four letters from her physicians and "a number of doctor's statements and medical bills" in OPM's file, Smith argues that OPM's determination was not based on a preponderance of the evidence. Smith's factual allegations clearly fall outside this court's limited review as mandated by the Supreme Court in *Lindahl,* —— U.S. at ——, 105 S.Ct. at 1628.

■ Smith also says that OPM erred in failing to consider that, had she continued work, she may have received promotions or salary increases. The board, however, correctly looked to the current rate of pay for

the "position occupied immediately before retirement." 5 U.S.C. § 8337(d). Nothing in the statute permits the board to speculate as to a "current rate of pay" for a position to which an annuitant may have been promoted had she not retired. *Cf. Lancellotti v. Office of Personnel Management,* 704 F.2d 91, 99–100 (3d Cir.1983).

AFFIRMED.

---

* Due to an error of its Chief of the Medical Division, OPM recommenced sending Smith annuity checks from April 1983 to September 1983, creating an overpayment of 2,087.38. OPM attempted to recover that amount, refusing to grant waiver from recovery because it determined that Smith was not "without fault" and that waiver of recovery "would be against equity and good conscience." The board reversed that determination.