824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Margaret N. GIVENS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3067.
 United States Court of Appeals, Federal Circuit.
 May 11, 1987.
 
 Before MARKEY, Chief Judge, and RICH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SE831L8610200, sustaining Office of Personnel Management's (OPM's) denial of Margaret N. Givens' application for disability retirement from the position of City Carrier with the U.S. Postal Service, is affirmed.
 
 OPINION
 
 2
 To the extent that Givens' petition raises issues within our scope of review, we have been shown no basis for reversal. Givens' argument that the board misconstrued 5 U.S.C. Sec. 8337(a) is without merit. The board made no distinction between a "possible" or "probable" reoccurrence of Givens' disability. Rather, the board merely required that Givens be suffering from a condition so that she is currently unable to render useful and efficient service. That construction of the disability statute, consistently made by OPM and the board, is entirely consonant with the language of the statute and is sufficiently reasonable to withstand attack. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984). Therefore, that Givens' medical problems may reoccur forms no basis for finding that she is under a disability for purposes of 5 U.S.C. Sec. 8337(a).
 
 
 3
 This court may not review the factual underpinnings of disability determinations, and Givens has not established that "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 760 F.2d 244, 246 (Fed.Cir.1985). Accordingly, we affirm on the basis of the board's opinion.