824 F.2d 980
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas W. BENDER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3006.
 United States Court of Appeals, Federal Circuit.
 June 19, 1987.
 
 Before MARKEY, Chief Judge, and RICH and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. AT08318610121, sustaining Office of Personnel Management's decision finding that Thomas W. Bender had recovered from his disabling condition and thus was no longer eligible for disability retirement benefits, 5 U.S.C. Sec. 8337(d), is affirmed.
 
 OPINION
 
 2
 Bender recognizes that this court may set aside a disability determination only when "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)); Smith v. Office of Personnel Management, 760 F.2d 244, 246 (Fed.Cir.1985). Clearly, this court may not review the factual underpinnings of disability determinations. Lindahl, 470 U.S. at 791; Smith, 760 F.2d at 246.
 
 
 3
 Bender's allegation that the board committed "legal error" in its "misapplication of federal employment disability standards" is a futile attempt to circumvent our narrow scope of review. Bender's argument, that no evidence contradicts his evidence that he has not recovered from his disability, is merely an attack on the board's factual determination that he has medically recovered.
 
 
 4
 The board had before it the evaluation of Dr. Moskowitz, who had treated Bender. The board discredited the opinion of Dr. Cook, which it had a right to do, even in the absence of Dr. Moskowitz's evaluation, the burden of proving a right to continued entitlement being upon Bender. Under Lindahl, this court is precluded from reviewing the board's factual determinations and may not "substitute [its] judgment on medical evidence for a determination of the board." McEachern v. Office of Personnel Management, 776 F.2d 1539, 1545-46 (Fed.Cir.1985). Bender's request that this court review the record and determine the probativeness of the evidence simply cannot be granted. See, e.g., Smith v. Office of Personnel Management, 784 F.2d 397, 399-400 (Fed.Cir.1986).
 
 
 5
 Because Bender has raised no valid argument cognizable within our narrow scope of review, the decision of the board is affirmed.
 
 
 6
 BISSELL, Circuit Judge. Additional views.
 
 
 7
 I am greatly troubled by the result in this case. A federal employee is entitled to disability retirement if "unable, because of disease or injury, to render useful and efficient service in the employee's position...." 5 U.S.C. Sec. 8337(a) (Supp. III 1985). This definition contemplates two distinct elements: (1) the employee must suffer disease or injury, and (2) this disease must render him unable to do his specific job.
 
 
 8
 The finding of the presiding official that Bender failed to prove "that he continues to be disabled for useful and efficient service as a Special Agent" is not supported by substantial evidence. All the credible evidence of record is to the contrary, as the presiding official merely stated that she placed more reliance on Dr. Moskowitz' report than on Dr. Cook's. The report of Dr. Moskowitz was silent as to whether Bender could return to his former position. Dr. Cook concluded in his report that Bender could not return to his Special Agent position. However, this court may not review the factual underpinnings of a disability determination. The determination does not constitute, as Bender must contend before us, " 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)).
 
 
 9
 Since the Board exercises final review of the factual underpinnings in a disability determination, it must use the greatest care in its review process--more than was exhibited in this case. I am confident that if and when Bender returns to his former position, he will once again become entitled to a disability annuity at greater cost and expense to the government than would have been the case if the presiding official here had rendered a decision supported by substantial evidence.