833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John Z. BENZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3354.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before FRIEDMAN, DAVIS and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 John Z. Benz seeks review of the final decision of the Merit Systems Protection Board, Docket No. DA831L8610487, sustaining the Office of Personnel Management's decision denying his application for disability retirement benefits. We affirm.
 
 OPINION
 
 2
 The board concluded that Benz failed to establish by a preponderance of the evidence that he was not capable of useful and efficient service in his position as a Forestry Technician with the Department of Agriculture or in a different position for which he was qualified, or that his diagnosed medical conditions rendered him unable to perform his duties. We must affirm the board's decision because it has not been shown that the decision was based upon "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)).
 
 
 3
 Benz first attempts to force this case into the procedural rights category or a category of "like" error. He asserts that the board did not hold him to a "preponderance of the evidence" burden of proof, but to a "beyond a reasonable doubt" standard. He further asserts that the board required him to prove total disability rather than inability to render useful and efficient service in his position. In reality, however, those arguments are not that the board denied Benz any procedural protections or committed like error; instead, they allege that the board's decision-making process was improper because the medical evidence presented required the board to conclude that Benz was disabled. Benz's arguments thus attack the factual underpinnings of the determination of nondisability, and we reject that attempt to avoid the limitation on our jurisdiction recognized by Lindahl. See, e.g., Smith v. Office of Personnel Management, 760 F.2d 244, 246 (Fed.Cir.1985); Lee v. Office of Personnel Management, 762 F.2d 987, 988 (Fed.Cir.1985).
 
 
 4
 Benz also explicitly argues that the board erred in sustaining the determination of the OPM because the board committed error in its evaluation of the medical evidence. Because that contention would require us to address factual determinations of the board, the contention is outside our jurisdiction and we cannot reach it. See Smith v. Office of Personnel Management, 784 F.2d 397, 400 (Fed.Cir.1986).
 
 
 5
 For the above reasons, we must reject Benz's arguments. They do not provide a basis for this court to disturb the board's decision.