837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nina R. WILSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3519.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1987.
 
 Before MARKEY, Chief Judge, and FRIEDMAN AND ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The appeal from the decision of the Merit Systems Protection Board (Board), No. DE08318610146 (March 10, 1986), is dismissed for lack of jurisdiction.
 
 OPINION
 
 2
 Following her retirement as a clerk-stenographer with the United States Air Force, the petitioner in 1966 began to receive a disability retirement annuity. In 1985, the Office of Personnel Management (OPM) informed the petitioner, based on her response to an OPM questionnaire stating that she had been working part time for a private employer, (1) that it found that her disability had ended and (2) that her disability annuity therefore would be terminated. OPM denied reconsideration, advising the petitioner that she had failed to carry her burden of proving by preponderant evidence that she was disabled from performing useful and efficient service in the grade or class of position she last occupied.
 
 
 3
 On appeal, the Board affirmed the OPM decision. Reviewing the medical evidence, the administrative judge found that the petitioner "has failed to carry her burden of proving, by preponderant evidence, that she is entitled to a continuing disability retirement." The administrative judge further found that
 
 
 4
 this evidence is neither sufficient nor competent medical evidence to prove appellant cannot perform the typing and transcribing duties required of a clerk-stenographer. In addition to this lack of adequate medical evidence, the file shows that appellant has been satisfactorily performing as a secretary with a private business. Such employment contradicts appellant's claim that she cannot perform similar duties as a clerk-stenographer. [Citations omitted.]
 
 
 5
 In this court, the petitioner argues that she still is disabled, and that OPM and the Board failed to give proper weight to her medical evidence of disability. We have no jurisdiction, however, to review "the factual underpinnings of Sec. 8347 disability determinations[,]" and our review in disability cases is limited to determining "whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' " Lindahl v. OPM, 470 U.S. 768, 791 (1985). The foregoing limitation on our jurisdiction also applies to review of decisions terminating disability payments because the annuitant no longer is disabled. Smith v. OPM, 760 F.2d 244, 246 (Fed.Cir.1985).
 
 
 6
 The petitioner's allegations in the present case all relate solely to the factual underpinnings of the OPM decision, which the Board upheld, that the petitioner's disability has ended. Smith, 760 F.2d at 246. Accordingly, we have no jurisdiction to consider her arguments, and her appeal must be dismissed for lack of jurisdiction.