845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles E. HOPKINS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 85-2346.
 United States Court of Appeals, Federal Circuit.
 Feb. 4, 1988.
 
 Before MARKEY, Chief Judge, DAVIS and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit SYstems Protection Board (board), Docket No. DA0831510049, affirming Office of Personnel Management's (OPM's) reconsideration decision denying Charles E. Hopkins' (Hopkins') request for an increase in the amount of his disability retirement annuity, is affirmed. Hopkins' request that this appeal be retransferred to the United States District Court is denied.
 
 OPINION
 
 2
 The Eastern District of Arkansas dismissed for failure to exhaust administrative remedies Hopkins' claim that discrimination was the cause of his removal by the Department of the Army, his former employer. The sole issue before this court is therefore the correctness of the board's decision affirming OPM's denial of Hopkins' request for an increased annuity. There being no discrimination issue involved in that decision of the board, this court has exclusive jurisdiction to review that decision, 5 U.S.C. Secs. 7703(b)(1), (2) (1982); Lindahl v. Office of Personnel Management, 470 U.S. 768, 795-96 (1985); Meehan v. United States Postal Service, 718 F.2d 1069, 1074 (Fed. Cir.1983), and Hopkins' request for transfer must be denied.
 
 
 3
 We have been shown no basis for reversing the board's decision affirming OPM's denial of an increased annuity. See Lindahl, 470 U.S. at 791; Smith v. Office of Personnel Management, 760 F.2d 244, 246 (Fed. Cir.1985). Therefore, we must affirm.