70 F.3d 130
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John A. YOUNG, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3676.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1995.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Mr. John A. Young appeals the decision of the Merit Systems Protection Board. The Board sustained the Office of Personnel Management's (OPM) denial of Mr. Young's application for a disability retirement annuity. Because the Board applied the correct legal and procedural standards, this court affirms.
 
 DECISION
 
 2
 Mr. Young worked at NASA Langley Research Center in Hampton, Virginia, as an Engineering Technician. Mr. Young suffers from chronic sinusitis and allergic rhinitis. These conditions are affected by changes in the environment, dust, and fumes from spray paints, adhesives and other chemicals. Because of these conditions, Mr. Young could not work in his current position.
 
 
 3
 An employee is entitled to disability retirement if, upon completion of at least five years of civilian federal service, he becomes unable, because of disease or injury, to render useful and efficient service in his current position or in any other position in the same agency at the same grade or pay level for which he is qualified for reassignment. 5 U.S.C. Sec. 8337(a) (1994); Burns v. Office of Personnel Management, 58 M.S.P.R. 688, 691 (1993); 5 C.F.R. Sec. 831.502(a) (1995). Mr. Young, without dispute, meets the five-year eligibility requirement for disability.
 
 
 4
 The parties stipulated that Mr. Young has a disabling condition. OPM attempted to accommodate Mr. Young's condition. It offered Mr. Young several reassignments at the same grade and pay level with less environmental disturbances. Mr. Young found all of these reassignments unsatisfactory. He provided evidence that these new assignments had environmental conditions that were not conducive to his medical condition. He also testified that he often fell asleep at these new assignments due to medication.
 
 
 5
 Mr. Young requested an office position with no technician-type duties and with a controlled environment. OPM then offered Mr. Young a production comptroller position that required no technician-type work. The duties of this position involved processing paper work in an air-conditioned office environment and monitoring work in different buildings. Mr. Young declined this position and never reported for work. He believed the chemicals in the facility under the office area would permeate the rest of the building. He also testified that requiring him to go from building to building would subject him to changes in his environment. Mr. Young stated that he knew some of the buildings had chemical odors, dusty areas, and high humidity. He did not attempt to fill this position and did not provide proof of these statements regarding the position. The Board found that Mr. Young rejected this position because he feared falling asleep due to his medication.
 
 
 6
 The issue reviewed by the Board was whether Mr. Young's medical condition could be and had been accommodated. The Board found that OPM reasonably accommodated Mr. Young's disability. Thus, the Board held that Mr. Young failed to prove that he was entitled to disability retirement benefits.
 
 
 7
 This court must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). In voluntary disability retirement decisions the factual underpinnings are not subject to judicial review. This court is only permitted to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 760 F.2d 244, 246 (Fed.Cir.1985).
 
 
 8
 Mr. Young cites several letters from physicians and argues that the determination of OPM and the Board was not based on a preponderance of the evidence. He further argues that OPM did not reasonably accommodate his disability. Therefore, he claims he should be entitled to disability retirement benefits. However, Mr. Young's factual allegations fall outside this court's limited review.
 
 
 9
 An appellant has the burden of proving entitlement to disability retirement by a preponderance of the evidence. Chavez v. Office of Personnel Management, 6 M.S.P.R. 404, 417 (1981). Where the evidence establishes that an employee is unable to perform the regular duties of his position, he should not be retired on disability if the disability could reasonably be accommodated. Malan v. Department of Air Force, 55 M.S.P.R. 283, 294 (1992).
 
 
 10
 The Board found that the agency reasonably accommodated Mr. Young by attempting to assign him to an air-conditioned work area in which the environmental factors could reasonably be controlled. Hence, the Board found that Mr. Young failed to prove by a preponderance of the evidence that he was entitled to disability retirement benefits. On this court's limited review, the decision of the Board must be affirmed.