74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance G. PATTERSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3819.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 PAULING NEWMAN, Circuit Judge.
 
 
 1
 Constance G. Patterson seeks review of the final decision[1] of the Merit Systems Protection Board, No. PH831E950362-I-1, which affirmed the Office of Personnel Management's (OPM) January 23, 1995 decision denying her application for disability retirement. Under our limited scope of review of disability issues, the Board's decision is affirmed.
 
 DISCUSSION
 
 2
 Ms. Patterson asserts that she suffers from several disabilities stemming from a work-related injury in 1967 and exacerbated by another on-the-job injury in 1976. She received surgical treatment. Ms. Patterson was assigned light or limited duty by the Postal Service from 1977 through most of 1990. The Postal Service then determined that Ms. Patterson was able to perform the regular duties of her position as Distribution Clerk. She declined to return to regular duty, and was absent from work beginning November 12, 1990 until her removal on April 10, 1991.
 
 
 3
 Before OPM and the Board were the medical opinions of several physicians and surgeons, some of whom recommended that she remain on limited duty with restrictions, and some of whom stated that she could perform the requirements of the position. Ms. Patterson asserts that the evidence she submitted established her continued need for light duty service, or that she is eligible for disability retirement. Indeed, the medical evidence was inconsistent, if not contradictory, as to Ms. Patterson's physical abilities. The Federal Circuit is precluded from reviewing the factual underpinnings of rulings that are based on disability determinations; our appellate role is limited to matters of procedure and correctness of the law. We review whether there was a substantial departure from important procedural rights, a misconstruing of the governing legislation, or an error going to the heart of the administrative determination. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). But we do not review the Board's or OPM's factual determinations of issues of physical disability when the Lindahl criteria are not violated. See, e.g., Smith v. Office of Personnel Management, 784 F.2d 397, 399 (Fed.Cir.1986) (challenge to sufficiency of evidence of disability was not error going to heart of administrative determination); McEachern v. Office of Personnel Management, 776 F.2d 1539, 1545 (Fed.Cir.1985) ("We cannot substitute our judgment on medical evidence for a determination of the Board."); Smith v. Office of Personnel Management, 760 F.2d 244, 246 (Fed.Cir.1985) (court can not review medical statements and bills).
 
 
 4
 We have been directed to no fundamental procedural error or error of law, and we discern none in the materials provided. The decision of the Board must be affirmed.
 
 
 
 [1]
 The June 19, 1995 initial decision became final on September 12, 1995 when the Board denied Ms. Patterson's petition for review of the initial decision