Larry M. SMITH, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

Appeal No. 84–1203.

United States Court of Appeals, Federal Circuit.

Feb. 20, 1986.

John W. Karr, Washington, D.C., for petitioner.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen. Murray Meeker, Office of General Counsel, Office of Personnel Management, of counsel.

Before FRIEDMAN, RICH, and NIES, Circuit Judges.

FRIEDMAN, Circuit Judge.

In *Lindahl v. Office of Personnel Management*, — U.S. —, 105 S.Ct. 1620, 1633, 84 L.Ed.2d 674 (1985), the Supreme Court held that in employee disability retirement cases before this court,

> while the factual underpinnings of § 8347 disability determinations may not be judicially reviewed, such review is available to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Scroggins v. United States*, 184 Ct.Cl. [530] at 534, 397 F.2d [295], at 297 [(Fed.Cir. 1968)].

In this case, the Merit Systems Protection Board (Board) affirmed a decision of the Office of Personnel Management (OPM) denying the petitioner a disability retirement, on the ground that he had "not shown by the preponderance of the evidence ... that he is totally disabled for useful and efficient service in the position" he held when he applied for retirement. The principal question is whether we have jurisdiction to review "the factual underpinnings" of the Board's disability determination based on the petitioner's contention that the evidentiary support for the Board's factual findings either is nonexistent or so weak that the Board's allegedly erroneous determination "go[es] to the heart of the administrative determination" and involves "a substantial departure from important procedural rights."

We hold that these contentions do not except this case from the general bar upon our review of factual determinations in disability retirement cases announced in *Lindahl*. We therefore dismiss the petition for review for lack of jurisdiction.

I

The petitioner was a medical supply technician at a Veterans Administration Hospital. His work involved the receipt and distribution of medical supplies, the maintenance and decontamination of equipment, and similar duties. The work required standing, walking, reaching, bending, pulling, pushing, and lifting items weighing up to 50 pounds.

In 1981, the petitioner, while on duty, injured his back in lifting a patient from a burning bed. Since then he has experienced pain, muscle spasm, and other symptoms associated with back injuries, for which he has been treated with muscle relaxant and pain-killing drugs. On several occasions he was returned to duty after a physical examination by Veterans Administration doctors, but each time when he returned to work the lifting of heavy objects aggravated his symptoms.

Petitioner applied to OPM for a disability retirement. OPM denied the application and adhered to that denial on reconsideration. In denying reconsideration, OPM stated that under the governing regulation "[a] finding of disability is made when an employee is unable to render useful and efficient service because of disease or injury ...," and that the evidence the petitioner had submitted "does not indicate a condition of sufficient severity to warrant a finding of total disability." Petitioner appealed the OPM decision to the Board.

After a hearing at which the petitioner was the only witness, the presiding official upheld OPM's redetermination decision denying disability retirement. The presiding official stated that

> except for the lifting restriction, appellant was able to perform the duties of his

position on those occasions when he returned to duty following the injury.

The record does not contain objective evidence of a pathology which could account for pain so severe as to preclude the amount of movement required to perform the majority of the medical supply technician duties. The subjective evidence shows that appellant has consistently reported a degree of pain and discomfort following his injury. In view of the fact that appellant has been found fit for duty on several occasions during the period, his subjective complaints, alone, are insufficient basis for a finding of total disability. Although the appellant's job does involve some physical activity, the evidence does not suggest that heavy lifting would be required on a frequent basis. Based on this record, appellant should be able to perform the remaining duties of his position. Although an employee's performance may suffer because of pain and discomfort, the approval of an application for disability retirement must be based on an inability to render useful and efficient service in his position. [Citations omitted.]

The Board denied the appellant's petition to review the initial decision. It stated:

Upon consideration of the petition for review, we find that the legal issues raised have been addressed and resolved by the Board in other similar cases, that the presiding official's findings with regard to those legal issues are essentially consistent with ours, and that any inconsistency in the presiding official's determinations on those issues would not affect the outcome of this appeal. In addition, to the extent that the arguments made in the petition for review relate to the presiding official's factual determinations, we find that the petitions [sic] does not demonstrate any factual error by the presiding official, based on specific references to the record, sufficient to warrant the Board's full review of the record. [Footnotes and citations omitted.]

In a footnote the Board stated that although the presiding official "referred to the [statutory] definition of 'disability'" that had been repealed in 1980 and replaced by a new definition, "this error did not prejudice appellant's substantive rights, since appellant did not establish disability under the pertinent standard."

In May 1983, shortly before the initial decision, the Veterans Administration removed the petitioner on the ground that he could "no longer perform the full duties of [his] position as a Medical Supply Technician efficiently and safely because of medical reasons. The need to fill the position with an employee available on a regular full-time basis is considered to promote the efficiency of the service." The agency informed the petitioner that although "[e]very attempt has been made to reassign [him] to a position for which [he was] qualified ... there are no appropriate vacancies available at this time."

## II

**A.** The theory upon which the petitioner contends that we have jurisdiction to review the Board's affirmance of OPM's denial of disability retirement is that the allegedly uncontroverted evidence the petitioner submitted conclusively established his disability, and that for the Board to reach a contrary conclusion constituted "a substantial departure from important procedural rights" and involved an error "going to the heart of the administrative determination."

Although thus framed, the argument in reality involves only a challenge to the correctness of the Board's factual determination of nondisability. The petitioner contends that the evidence conclusively establishes disability and that the Board's contrary conclusion therefore is erroneous. The petitioner, however, cannot obscure or disguise the basic nature of his attack upon the Board's decision by characterizing it as involving "a substantial departure from important procedural rights" or an error "going to the heart of the administrative determination."

In authorizing this court to review nondisability determinations of the latter two

types, the Supreme Court did not intend us thereby to disregard the ban upon reviewing "the factual underpinnings of ... disability determinations ..." Although the petitioner asserts that there is no evidence supporting the determination of nondisability, the government cites other evidence to support that ruling. The petitioner responds that the evidence is unconvincing or irrelevant and further asserts that the Board failed to note or to give sufficient weight to the evidence showing the allegedly "disabling side effects" of the petitioner's medication.

Resolution of these contentions would require consideration and evaluation of the "factual underpinnings of [the Board's] disability determination[ ]." *Lindahl* precludes us from making that inquiry.

*Lindahl* does not broadly authorize us to review any error "going to the heart of the administrative determination," but only any such "like" error. "Like" refers to the two prior types of error specifically described: "[a] substantial departure from important procedural rights" or "a misconstruction of the governing legislation." The errors that the "heart" category permits us to review are those of similar character and magnitude to the first two categories. The sufficiency of the evidentiary support for the Board's decision ordinarily would not be viewed as a question of procedural rights or construction of legislation, or analogous or comparable to those questions.

The petitioner attempts to bring this case within the procedural rights category by asserting that the manner in which the Board found the facts was arbitrary and capricious. Upon analysis, however, this argument is not that the Board denied the petitioner any procedural protections to which he was entitled, such as a fair hearing or adequate notice, but that the decision-making process was fatally flawed because the evidence required the Board to conclude that the petitioner was disabled. The petitioner's contention thus proves to be an attack on the "factual underpin-

nings" of the determination of nondisability.

As noted, shortly before the initial decision, the Veterans Administration removed the petitioner because his medical problems precluded him from properly performing his duties. As the presiding official pointed out, an employee who is not disabled for retirement purposes nevertheless may be removed for disability to perform his work. *Piccone v. United States*, 407 F.2d 866, 872, 186 Ct.Cl. 752 (1969); *cf. Polos v. United States*, 621 F.2d 385, 223 Ct.Cl. 547 (1980).

The petitioner does not challenge those decisions but contends that the presiding official and the Board should have given some weight as evidence relating to retirement disability to the agency's proposal to remove him for disability to perform his job. Once again, however, that is an argument relating to the factual basis for the disability determination.

Acceptance of the petitioner's theory could produce a serious erosion of the restriction upon our jurisdiction that *Lindahl* provided. Skilled lawyers easily can frame challenges to the factual basis of Board disability determinations so as to bring them within the broad scope that the petitioner would give to the limited exception to our jurisdiction that *Lindahl* recognized. Indeed, since the Supreme Court decision in *Lindahl*, there have been several cases in which factual challenges to disability determinations have been camouflaged as procedural defects and errors going to the "heart of the administrative determination." We repeatedly have rejected those attempts to avoid the limitation on our jurisdiction *Lindahl* imposed. *See, e.g., Smith v. Office of Personnel Management*, 760 F.2d 244 (Fed.Cir.1985); *Lee v. Office of Personnel Management*, 762 F.2d 987 (Fed.Cir.1985). We follow the same course here.

■ B. As the Board noted, the presiding official applied a repealed statutory standard of disability—that the employee be "totally disabled ... for useful and efficient service"—instead of the replacement

standard that the employee "be unable, because of disease or injury, to render useful and efficient service...." *Compare* 5 U.S.C. § 8331(6) (1976) *with* 5 U.S.C. § 8337(a) (1982). The Board held, however, that this error did not prejudice the petitioner's substantive rights, because he did not establish disability under the pertinent standard, which OPM seemingly applied. See page 398, *supra.*

The petitioner argues that the Board's ruling of harmless error was "pure speculation," because "the Board [concededly] did *not* make independent review of the record to determine the accuracy of the presiding official's findings of fact." What the Board stated was that in deciding to deny review it had not made a "full review of the record." This statement by the Board is consistent with the assumption that the Board reviewed enough of the record to conclude that the petitioner had not established disability under the correct standard.

In any event the determination whether the petitioner would have prevailed under the new standard depends upon an evaluation of the record in the light of that standard. To overturn the Board's finding that any error resulting from application of the prior standard was not prejudicial would require this court to review the evidence relating to disability—an inquiry we cannot make under *Lindahl.*

The petition for review is dismissed for lack of jurisdiction.

DISMISSED.