826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Genevieve D. SHAROSKY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3235
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before RICH, SMITH and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on October 3, 1986, docket No. AT831L8610522, sustaining the Office of Personnel Management's (OPM) decision denying Genevieve D. Sharosky's (Sharosky) application for disability retirement benefits, is affirmed.
 
 OPINION
 
 2
 The board found that the OPM correctly determined that Sharosky, a former clerk with the Interstate Commerce Commission (ICC), failed to establish that she was not capable of useful and efficient service in her position as a clerk or that she suffered from a disability during her service with the ICC. We must affirm the board's decision because we have not been shown that the decision was based upon a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct. Cl.), cert. denied, 393 U.S. 952 (1968)).
 
 
 3
 Sharosky argues that the board erred in affirming the determination of the OPM because the board relied upon facts established by a person who had no knowledge of Sharosky's true medical or service condition. Because this contention would require us to address factual determinations of the board, this contention is outside of our jurisdiction and we cannot reach it. See Smith v. Office of Personnel Management, 784 F.2d 397, 400 (Fed Cir. 1986).
 
 
 4
 In addition, Sharosky argues that both the board and the OPM erred in construing the statutory language and legislative intent of 5 U.S.C. Sec. 8337 (1982), which statute provides for the recovery of disability retirement benefits, as requiring that the disability of which Sharosky complains must have commenced while Sharosky was still performing her duties at the ICC. Although we recognize that other interpretations of the statutory language might be possible, we are not persuaded by Sharosky to overturn the statutory interpretation of the OPM and the board. '[T]he construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong * * *.' Red Lion Broadcasting Co. v. Federal Communications Commission, 395 U.S. 367, 381 (1969). Here, Sharosky has given us no basis on which to hold that section 8337 has been misconstrued.