829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James DUNN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3219
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals the final decision of the Merit Systems Protection Board (MSPB or board), No. DE08318610178, which dismissed with prejudice petitioner's appeal of his involuntary disability retirement. The appeal was dismissed under the doctrine of res judicata or claim preclusion because the same claim had previously been adjudicated on its merits by the MSPB. We affirm.
 
 OPINION
 
 2
 Petitioner's employing agency, the Department of Agriculture's Soil Conservation Service (SCS), filed an application for disability (mental) retirement on behalf of the petitioner in August of 1983. The Office of Personnel Management (OPM) approved the application in a final decision in August of 1984. Petitioner appealed to the MSPB, and the Dallas Regional Office issued a decision which affirmed the OPM's decision that Mr. Dunn was disabled for useful and efficient service in the position of Soil Scientist. The MSPB denied review on November 8, 1985. 29 M.S.P.R. 266 (1985).
 
 
 3
 The OPM had sent Mr. Dunn a letter in June of 1985 informing him that it no longer considered him to be disabled; however, the OPM reached this determination based on evidence of his physical condition rather than his mental condition. Realizing its error, the OPM sent another letter to petitioner in November of 1985 informing him of the error and its final determination that he was disabled on the basis of his mental condition. That letter included notification of appeal rights to the MSPB. Petitioner subsequently filed an appeal with the MSPB's Denver Regional Office.
 
 
 4
 After some procedures not relevant here, the presiding official ordered the parties to show cause whether the MSPB had jurisdiction. Both the OPM and the SCS moved to dismiss the appeal because the Dallas office of the MSPB had already decided the same claim. Petitioner furnished no meaningful response either to the official's order or to the motions of the OPM or SCS. On April 2, 1986, the presiding official in Denver dismissed the appeal, holding that petitioner previously had a full and fair opportunity to present his case in the prior appeal which involved the same parties, the same intervenor, and the same issue. Furthermore, the presiding official noted that petitioner was represented by an attorney during that appeal and that the petitioner exercised his right to appeal that decision to the full board.
 
 
 5
 We hold that the decision was correct as a matter of law. The erroneous letter sent by the OPM did not alter the determination that the petitioner was disabled for a mental condition and a full hearing on that issue had been previously adjudicated on the merits. As to the petitioner's current challenge to the findings in the MSPB decisions, 'the factual underpinnings of disability determinations are not subject to judicial review.' Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 784 F.2d 397 (Fed. Cir. 1986); Lee v. Office of Personnel Management, 762 F.2d 987 (Fed. Cir. 1985).