954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony M. McCRARY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3389.
 United States Court of Appeals, Federal Circuit.
 Jan. 23, 1992.
 
 Before RICH, MAYER and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Anthony M. McCrary (McCrary) appeals from the May 6, 1991 final decision of the Merit Systems Protection Board (Board), Docket No. DA844E9010500, affirming the Office of Personnel Management's (OPM) determination that he was not entitled to disability retirement benefits, pursuant to the Federal Employees' Retirement System Act (FERS), 5 U.S.C. § 8401 et seq. We affirm.
 
 OPINION
 
 2
 The applicable standard of judicial review in this FERS disability retirement case is set forth at 5 U.S.C. § 8461(d), which provides that disability retirement determinations of OPM, as affirmed by the Board, "are final and conclusive and are not subject to review." This standard of review was explained in Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985), wherein the Supreme Court held that in employee disability retirement cases before this court, although the factual underpinnings of disability determinations may not be judicially reviewed,
 
 
 3
 review is available to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " [citation omitted].
 
 
 4
 McCrary's appeal is based upon the argument that OPM's assessment of the medical and other factual evidence before it, and the MSPB's affirmance thereof, was improper. Specifically, McCrary alleges that the OPM erroneously failed to (1) "undertake credibility findings," (2) "defer to opinions of Petitioner's attending physicians," (3) "consider the combined impact of all of Petitioner's multiple disorders", and (4) "adequately develop the administrative record" (i.e., failed to produce adequate evidence of its own). To a large extent McCrary is merely arguing that the evidence conclusively establishes his disability and that therefore the board's decision finding otherwise is erroneous. We decline to review McCrary's arguments to the extent that they center on the weight accorded to the evidence and OPM's factual determinations of medical disability, because such a review is beyond the jurisdiction of this court. Smith v. Office of Personnel Management, 784 F.2d 397, 399-400 (Fed.Cir.1986).
 
 
 5
 We have reviewed all of appellant's legal arguments, in connection with the record before us, to the extent that they address "a substantial departure from important procedural rights," or an error "going to the heart of the administrative determination." Under the limited standard of review available to this court, we find no basis that would warrant reversal or remand. Therefore, we affirm.