22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Paul A. CLARKE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3328.
 United States Court of Appeals, Federal Circuit.
 March 24, 1994.
 
 Before NIES*, MAYER and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Appellant Paul Clarke appeals from the Merit Systems Protection Board's decision affirming OPM's decision denying Clarke a disability retirement annuity. The MSPB found that Clarke had not carried his burden of proving the alleged disability which would entitle him to such benefits. We dismiss.
 
 BACKGROUND
 
 2
 Clarke, an employee of the U.S. Postal Service, suffered a lower back injury in 1985 resulting in 45% whole body impairment. In addition, he developed a psychiatric disorder diagnosed as a clinical depression. Clarke was granted Workers Compensation benefits at the rate of one day per week, entitling him to work four days per week. Subsequently he was permitted to take one day of leave per week, establishing a three day per week schedule. To accommodate his lifting restrictions, the Postal Service assigned him to a modified position with limited duty work.
 
 DISCUSSION
 
 3
 On appeal, Clarke argues that based on the injury to his back coupled with his depression, he is unable to perform any gainful or meaningful employment. Further, he argues that his work schedule of three days per week during which he is left idle much of the time is an unreasonable accommodation. Therefore, he concludes that he is entitled to disability retirement.
 
 
 4
 Under Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985), judicial review in disability retirement cases is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process." See also Smith v. Office of Personnel Management, 784 F.2d 397, 400 (Fed.Cir.1986) (Lindahl precludes the court from entertaining an appeal that would require "consideration and evaluation" of the board's factual findings). Clarke simply recites the evidence supporting his case and concludes that he is entitled to a disability annuity. Because he seeks review only of the underlining factual findings respecting his disability which this court is not permitted to review, we dismiss this appeal for lack of jurisdiction.
 
 
 
 *
 Circuit Judge Nies vacated the position of Chief Judge on March 17, 1994