43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isaac SMITH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3580.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1994.
 
 Before RICH, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Isaac Smith seeks review of the decision of the Merit Systems Protection Board, Docket No. DA831E940152-I-1, affirming the decision of the Office of Personnel Management (OPM) that Mr. Smith failed to establish his eligibility for disability retirement benefits. The March 29, 1994 initial decision of the Administrative Judge (AJ) became the final appealable decision of the Board on July 18, 1994, when the full Board denied Mr. Smith's petition for review. We dismiss.
 
 
 2
 * Since 1985, Mr. Smith has been employed at the Veterans Administration Medical Center in Oklahoma City, Oklahoma. As a Housekeeping Aide, Mr. Smith's responsibilities included cleaning and maintenance duties that required constant walking, stooping, bending and lifting. On October 19, 1990, Mr. Smith suffered contusions to his lower back and buttocks from falling, after a chair on which he attempted to sit slid out from underneath him. Since then, Mr. Smith has been on leave without pay. The Department of Labor's Office of Workers' Compensation Program (OWCP) approved Mr. Smith's claim for compensation benefits related to his injury. In addition, Mr. Smith was offered reassignment as a Laundry Worker, a newly-created position that the OWCP had approved as within his medical restrictions. Because Mr. Smith declined the offer, however, OWCP terminated compensation benefits.
 
 
 3
 On December 14, 1992, Mr. Smith applied for disability retirement, stating that he could no longer perform the duties of a Housekeeping Aide because of his condition. Mr. Smith further asserted that the offered accommodation of reassignment as a Laundry Worker was illusory because no light duty was in fact available in the laundry. On July 6, 1993, OPM issued an initial decision disallowing Mr. Smith's application. On Mr. Smith's request for reconsideration, the OPM affirmed its denial. Mr. Smith appealed OPM's decision to the Board on November 8, 1993.
 
 
 4
 The AJ considered the medical opinions of Dr. Charles D. Taylor and Dr. J.M. Bazih, who differed in their assessment of Mr. Smith's medical condition. In March 1993, Dr. Taylor stated that "[i]n my medical opinion, Mr. Smith is unable to do any heavy lifting or straining, which includes his laundry duties, due to his low back injury." In contrast, Dr. Bazih stated in March 1992 that "[f]rom an orthopaedic standpoint, I see no contraindication for [Mr. Smith] to return back to work with some restrictions." Notwithstanding this discrepancy, the AJ found no medical explanation why the 1990 injury would likely continue to be disabling for more than a year. In addition, the AJ noted that Mr. Smith submitted no evidence of compliance with both physicians' recommendations that he lose weight and begin an exercise regimen for his back and lower back muscles. The AJ ultimately found that Mr. Smith failed to satisfy the 5 U.S.C. Sec. 8337(a) (1988) requirement that a disabled employee prove an inability, because of disease or injury, to render useful and efficient service in his position. See Biscaha v. Office of Personnel Management, 51 MSPR 304, 310-11 (1991).
 
 II
 
 5
 This court is without jurisdiction to review the factual underpinnings of a Board decision regarding disability retirement. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986). Our review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl, 470 U.S. at 791 (citation omitted). Mr. Smith does not allege such violations, but challenges the factual bases upon which the Board found that his medical condition did not prevent him from returning to work or performing the essential duties of his position. We are precluded, however, from inquiring into any of these factual matters. Cf. Smith, 784 F.2d at 400 ("The sufficiency of the evidentiary support for the Board's decision ordinarily would not be viewed as a question of procedural rights or construction of legislation, or analogous or comparable to those questions."). We therefore must dismiss for lack of jurisdiction.