47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Regina I. ZEITLIN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3659.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1995.
Rehearing Denied Feb. 27, 1995.
 
 64 M.S.P.R. 222.
 DISMISSED.
 Before ARCHER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Regina I. Zeitlin seeks review of the decision of the Merit Systems Protection Board, Docket No. SF831E940269-I-1, affirming a decision of the Office of Personnel Management (OPM) that Ms. Zeitlin had failed to meet her burden of proof to establish her eligibility for disability retirement benefits. We dismiss.
 
 
 2
 * Ms. Zeitlin argues that OPM and the Board failed to afford proper weight to certain evidence that was submitted by her and that the Administrative Judge (AJ) made faulty determinations about the credibility of certain witnesses. She claims that the AJ inappropriately relied on the testimony of Mr. Ahearn, her immediate supervisor, and that the AJ mistakenly found Mr. Bledsoe's testimony to be "unconvincing." Ms. Zeitlin also argues that the AJ ignored medical evidence and ignored Ms. Zeitlin's own testimony concerning her ongoing pain and alleged inability to perform her duties.
 
 
 3
 However, this court is without jurisdiction to review the factual underpinnings of a Board decision regarding disability retirement benefits. 5 U.S.C. Sec. 8347(c) (1988); Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Bruner v. Office of Personnel Management, 996 F.2d 290, 291 (Fed.Cir.1993); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986). Our review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl, 470 U.S. at 791 (citation omitted). Ms. Zeitlin does not allege such violations, but challenges the factual bases of the Board's decision. We are precluded, however, from inquiring into any of these factual matters. See Smith, 784 F.2d at 400 ("The sufficiency of the evidentiary support for the Board's decision ordinarily would not be viewed as a question of procedural rights or construction of legislation, or analogous or comparable to those questions."). We therefore must dismiss for lack of jurisdiction.