59 F.3d 182
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Merry A. BROWNING-TAYLOR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3657.
 United States Court of Appeals, Federal Circuit.
 June 20, 1995.
Rehearing Denied Oct. 13, 1995.
 
 Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Merry A. Browning-Taylor seeks review of the decision of the Merit Systems Protection Board, Docket No. PH831E940180-I-1, affirming the Office of Personnel Management's decision that she is not entitled to disability retirement benefits pursuant to the Civil Service Retirement Act, 5 U.S.C. Secs. 8331, 8337. We affirm, on the basis that procedural rights were satisfied and the correct law was applied. We do not consider the merits of her disability claim.
 
 OPINION
 
 2
 Ms. Browning-Taylor was employed as a clerk-typist with the General Services Administration in Philadelphia. On March 20, 1992, pursuant to a settlement agreement, she resigned from federal employment. The documentation relating to the resignation states that she resigned for personal reasons. At the time she had approximately twenty years of federal civilian service.
 
 
 3
 On January 22, 1993 petitioner submitted an application for a disability retirement annuity. On denial by OPM, an appeal was taken to the MSPB. After several telephonic status conferences, during which Ms. Browning-Taylor declined to request an administrative hearing, the administrative judge decided the appeal on the documentary record. The administrative judge wrote a detailed opinion, explaining the reasons for his denial of the disability annuity. On appeal to the full Board Ms. Browning-Taylor asserted that at the time of the termination of her employment she was disabled due to a neuropsychic disorder that resulted from a 1973 cerebral aneurysm. The full Board did not review the initial decision.
 
 
 4
 On appeal to this court Ms. Browning-Taylor states that the Board should have considered this medical event. Ms. Browning-Taylor also asks review of the merits of her disability claim. However, this court is without jurisdiction to review the factual merits of a Board decision to grant or deny disability retirement benefits. 5 U.S.C. Sec. 8347(c); Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Bruner v. Office of Personnel Management, 996 F.2d 290, 291 (Fed.Cir.1993); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986). Our review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl, 470 U.S. at 791 (citation omitted); Bruner, 996 F.2d at 292.
 
 
 5
 Ms. Browning-Taylor's appeal is based primarily on the argument that OPM's assessment of the medical and other factual evidence before it was incorrect. She argues that the evidence of record establishes her disability. In reviewing the procedural posture of the case, we observe that the proceedings before the administrative judge included extensive medical evidence. Ms. Browning-Taylor does not argue that she had additional medical problems that were not before OPM and the Board. We have not been directed to, and have not discerned, any departure from procedural rights, or an error of process or law going to the heart of the administrative determination. On our limited review, the decision of the Board must be affirmed.