70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daisy M. WILLIAMS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3492.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
 
 Before ARCHER, Chief Judge, and MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Daisy M. Williams seeks review of the December 21, 1994 decision of the Merit Systems Protection Board ("MSPB" or "Board") in docket No. PH-831E-94-0656-I-1 which affirmed the Office of Personnel Management's ("OPM's") decision that Ms. Williams had failed to meet her burden of proof to establish her eligibility for disability retirement benefits. The initial decision became the final decision of the Board on March 29, 1995, when the Board denied Ms. Williams' petition for review. As Ms. Williams seeks our review based solely on factual determinations, which are precluded from review by this court under 5 U.S.C. Sec. 8347(c) (1994), we dismiss the petition for review for lack of jurisdiction.
 
 DISCUSSION
 
 2
 Ms. Williams was formerly employed as a letter carrier with the United States Postal Service ("USPS") in Chicago, Illinois. She claims to have become disabled from performing the duties of her position as a letter carrier in April 1992, due to constant back pains.
 
 
 3
 Ms. Williams first developed back pains due to an automobile accident in 1977 while in the employ of the USPS. She was not employed by the USPS between July 1982 and March 1984, between resignation and reinstatement, during which her back pains had all but subsided. In January 1985, Ms. Williams claims to have reinjured her back while lifting a box of encyclopedias. She then requested light duty which was granted for approximately two years. She was then involved in another automobile accident in September 1991 and says she has experienced back pains since that time.
 
 
 4
 By application, Ms. Williams filed for disability retirement with OPM. The application included a radiology report from Tony K. Chan, M.D., which stated "there are minimal degenerative changes involving the lumbar spine with no demonstrable current fracture, dislocation or destructive bony lesion" and a brief medical report submitted by Sarah S. Kim, M.D., dated August 31, 1992, which diagnoses lower back pain with a prognosis of less than one year disability and a prescription for bed rest, medication and physical therapy. The initial decision of the OPM, issued January 19, 1994, denied Ms. Williams' application for disability retirement on the ground that she had failed to meet her burden of proof in establishing that she was disabled from performing useful and efficient service due to disease or injury.
 
 
 5
 In a reconsideration opinion dated July 11, 1994, the OPM again determined that Ms. Williams did not establish she met the eligibility requirements for disability retirement. In particular, the OPM found that Ms. Williams' back pain tended to "wax and wane over the past several years" while employed as a letter carrier, and that there was no evidence to indicate whether or not she had followed Dr. Kim's suggestion of bed rest, medication and physical therapy. OPM indicated that although her back pain may be uncomfortable, Ms. Williams did not establish that she had a disabling condition of the severity to warrant restriction from performing the duties of her position.
 
 
 6
 On appeal to the MSPB, the administrative judge (AJ), after a telephonic hearing on October 20, 1994, considered the previously submitted medical reports as well as additional medical documentation and found that, although Ms. Williams may suffer from back pain, there was no objective evidence to indicate that she was disabled from performing her duties as a letter carrier. In addition, the AJ pointed out that there were no medical restrictions placed on her that would prevent her from performing critical duties or attending work altogether based on her back pain. Accordingly, the AJ concluded that Ms. Williams had failed to show that she was entitled to a disability annuity.
 
 
 7
 The statute that governs subsequent review of the OPM's disability retirement decisions states:
 
 
 8
 The Office [OPM] shall determine questions of disability and dependency arising under this subchapter.... [T]he decisions of the Office concerning these matters are final and conclusive and are not subject to review.
 
 
 9
 5 U.S.C. Sec. 8347(c) (1994).
 
 
 10
 The Supreme Court and this court have held that section 8347(c) bars our review of the factual underpinnings of the MSPB's disability determination in disability retirement cases. See Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986). Review is only available "to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error "going to the heart of the administrative determination." ' " Lindahl, 470 U.S. at 791 (citing Scroggins v. United States, 184 Ct.Cl. 530, 534, 397 F.2d 295, 297, cert. denied, 393 U.S. 952 (1968)).
 
 
 11
 The only ground asserted by Ms. Williams, however, for reversal of the MSPB decision is her contention that the OPM and MSPB failed to correctly interpret or consider her medical records. Ms. Williams complains that, at the telephonic hearing, she was not given the opportunity to define her medical condition for the AJ and that if the AJ had looked up the information concerning her condition as the AJ said she would, the ruling would have been in her favor. In addition, she indicates that no one but herself can judge the pain and agony she has been suffering. In her reply brief,[1] Ms. Williams again reiterates that she has been experiencing back pains and argues she was never prescribed physical therapy. Thus, Ms. Williams is asking the court to set aside the factual determinations of the MSPB (and OPM) and reexamine the medical reports and her own testimony to determine that she should be entitled to disability retirement. Under the above precedent, which binds this court, we are precluded from taking that action.
 
 
 12
 Accordingly, the petition for review is dismissed for lack of jurisdiction.
 
 
 
 [1]
 As requested by motion filed October 11, 1995, we grant Ms. Williams an enlargement of time, due to extraordinary circumstances under Fed.Cir.Rule 26(c), to file her reply brief and thereby consider Ms. Williams' "Memorandum Answering Points of Opposing Brief Presenting Arguments That May Have Been Presented to Assist the Court" filed October 17, 1995