91 F.3d 170
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfreda ROYSTER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3070
 United States Court of Appeals, Federal Circuit.
 June 13, 1996.
 
 Before RADER, Circuit Judge, SKELTON, Senior Circuit Judge, and BRYSON, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 Ms. Royster appeals the Merit Systems Protection Board's affirmance of the Office of Personnel Management's (OPM's) denial of Ms. Royster's application for Federal disability retirement under 5 U.S.C. § 8451 (1994). Because 5 U.S.C. § 8461(d) (1994) precludes review of OPM's factual determinations regarding questions of disability, this court affirms.
 
 
 2
 Ms. Royster began employment with the Department of Veterans Affairs (DVA) on July 17, 1988. On November 19, 1994, Ms. Royster submitted an application for disability retirement under the Federal Employees Retirement System (FERS), claiming that she suffered from anemia, asthma, deafness in her left ear, blurry vision, and high blood pressure, as well as pain in her left shoulder, lower back, stomach, fingers, and legs. According to Ms. Royster, these ailments began while she was working for DVA and prevented her from performing her regular duties as a food service worker. No efforts were made to accommodate Ms. Royster because she failed to return to work after January 3, 1994. On April 20, 1995, OPM issued its final decision denying Ms. Royster's application for disability retirement because she had not provided enough evidence to verify that her medical condition prevented her from performing her regular duties.
 
 
 3
 On May 22, 1995, Ms. Royster appealed to the MSPB for review of OPM's denial of her application for disability retirement. A telephonic hearing was held on August 14, 1995. On August 25, 1995, MSPB issued an initial decision affirming OPM's decision. On November 9, 1995, the full MSPB issued an opinion and order modifying the MSPB's initial decision. The Board maintained its decision to deny her request for disability retirement. On December 4, 1995, Ms. Royster petitioned this court for review of the MSPB's decision.
 
 
 4
 This court reviews OPM decisions to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 769 (1985). Furthermore, this court may not weigh the evidence or apply the substantial evidence standard in review of disability determinations. Id. This court must not weigh the factual evidence in an attempt to redetermine whether a disability is "severe" enough to qualify for benefits. Smith v. Office of Personnel Management, 784 F.2d 397, 399-400 (Fed.Cir.1986).
 
 
 5
 Ms. Royster has not alleged any departure from procedural rights; rather she requests this court to consider the factual evidence presented and determine that her disability qualifies her for disability retirement. Because this court cannot weigh facts and Ms. Royster alleges no procedural errors or misconstruction of legislation, this court affirms the MSPB's decision.