104 F.3d 375
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Duane L. COHEN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3296.
 United States Court of Appeals, Federal Circuit.
 Dec. 5, 1996.
 
 Before RICH, SCHALL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Duane L. Cohen ("Cohen") petitions for review of a final decision of the Merit Systems Protection Board, Docket No. BN-831E-95-0189-I-1, holding that Cohen is not entitled to a disability retirement annuity. We affirm.
 
 BACKGROUND
 
 2
 Cohen was employed as a mail carrier with the United States Postal Service. In 1985, he complained that he was having difficulty performing his job, so the Postal Service placed him in a special delivery messenger position. On May 4, 1993, Cohen applied for disability retirement based on two conditions, chronic lower back pain and an ankle injury. The Office of Personnel Management ("OPM") determined that Cohen was not eligible for disability retirement, because he had failed to show that he was medically disabled from performing the duties of his position. Cohen appealed that determination to the MSPB.
 
 
 3
 An MSPB administrative judge affirmed OPM's determination, and the full Board denied Cohen's appeal from the administrative judge's ruling. On its own motion, however, the full Board subsequently reopened Cohen's appeal to determine what position Cohen occupied when he applied for disability retirement. After concluding that Cohen was employed as a special delivery messenger when he applied for disability benefits, the Board remanded the case to OPM to determine whether Cohen was medically disabled from performing the specific duties of that position. On remand, OPM determined that Cohen was not medically disabled from performing the duties of a special delivery messenger and therefore was not entitled to disability retirement. Cohen appealed OPM's decision to the MPSB.
 
 
 4
 An administrative judge again affirmed OPM's decision. In doing so, the administrative judge specifically refused to consider Cohen's contention that he suffered from depression and that his depression rendered him unable to work. Cohen asserted that his depression resulted from chronic back pain and that his depression was therefore related to the conditions he alleged in his application for disability retirement. The administrative judge ruled that depression was a separate condition from those alleged in Cohen's retirement application, that Cohen had not raised depression in his application, and that the MSPB therefore did not have jurisdiction to consider evidence related to that condition. The full Board denied review of the administrative judge's decision.
 
 DISCUSSION
 
 5
 Although OPM decisions denying petitions for disability retirement are subject to judicial review, the factual underpinnings of OPM's disability determinations are not reviewable. Lindahl v. Office of Personnel Management, 470 U.S. 791 (1985). Thus, in reviewing OPM disability decisions, this court is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Id. (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.1968)); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986). Cohen argues that the administrative judge improperly refused to consider evidence of his depression. Specifically, he argues that the administrative judge should have considered two letters that he submitted to support his assertion that he suffered from depression resulting from his chronic back pain and that his depression contributed to his inability to perform his job.
 
 
 6
 The administrative judge considered both letters but concluded that they did not support Cohen's claim that he was disabled because of chronic back pain. The first letter was written by a staff member at a clinic that Cohen visited in 1993. The letter reported that Cohen visited the clinic for treatment of depression "resulting from ongoing conflict at work and chronic pain," and that a Dr. Cooper evaluated Cohen and prescribed an antidepressant. The staff member's letter concludes with the statement that in her opinion Cohen "should not return to any position at the Post Office." The second letter was written by Dr. Cooper, who stated that Cohen was receiving treatment for depression and that in his opinion Cohen "is not able to return to work at a position that involves driving on a regular basis because of his fear of re-injury."
 
 
 7
 In his application for benefits, Cohen alleged only chronic back pain and an ankle injury as the basis for disability retirement. The administrative judge was therefore limited to considering evidence relating to those conditions. Although one of the two letters refers to chronic pain as one of the apparent causes of Cohen's depression, the letters do not state that Cohen's pain rendered him disabled; instead, Dr. Cooper's letter refers to Cohen's "fear of re-injury" as the reason he is not able to return to work. The administrative judge therefore properly characterized the two letters as relating to Cohen's contention that he was disabled because of depression, a condition that Cohen had not previously claimed as a basis for his asserted disability and that OPM had not considered. The administrative judge's treatment of the two letters thus did not constitute error, much less the kind of grave procedural error that is a necessary predicate for reversal in an appeal from an OPM disability determination.