108 F.3d 1391
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ben L. WELCH, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 97-3074.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1997.
 
 Before SCHALL, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Ben L. Welch petitions for review of a final decision of the Merit Systems Protection Board, Docket No. DC-844E-96-0356-I-1, holding that Welch is not entitled to a disability retirement annuity. We affirm.
 
 BACKGROUND
 
 2
 Welch was employed as an auditor with the Army Corps of Engineers. On January 3, 1994, he accepted a voluntary incentive payment and resigned. Later that year, Welch filed an application for disability retirement with the Office of Personnel Management (OPM) alleging that he had become disabled in January 1994 and had been unable to perform the duties of his job due to tinnitus in both ears and severe Post Traumatic Stress Disorder (PTSD). OPM denied Welch's application on the ground that Welch had not established that he been suffering from a disabling condition at the time of his resignation. Specifically, OPM determined that although Welch suffered from the conditions he cited, he had failed to establish that he had been unable to perform the duties of his job because of those conditions. The Merit Systems Protection Board affirmed OPM's decision, and Welch filed this timely petition for review.
 
 DISCUSSION
 
 3
 Although OPM decisions denying petitions for disability retirement are subject to judicial review, the factual underpinnings of OPM's disability determinations are not reviewable. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). Thus, in reviewing OPM disability decisions, this court is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Id. (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.1968)); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986).
 
 
 4
 Welch argues that the Board failed to consider that his supervisor made no attempt to accommodate his disabling conditions or offer him a reassignment. Contrary to Welch's contention, however, the Board specifically addressed that argument in its opinion. The Board found that, although Welch and his supervisor had a difficult relationship, Welch still received "Fully Successful" ratings indicating that an accommodation or reassignment was unnecessary.
 
 
 5
 Welch also argues that the Board failed to understand his disabilities and that certain requirements of his job were incompatible with his conditions. The Board recognized, however, that Welch suffered from tinnitus and PTSD; it simply found that Welch failed to show that he was unable to perform his duties as a result of these conditions. The Board considered the medical report on which Welch relies, but did not find the report persuasive because the report did not explain how Welch's condition rendered him unable to perform his duties. Furthermore, although two of Welch's co-workers testified that Welch had trouble concentrating and meeting some of his job requirements, the Board found that this evidence did not establish that Welch's performance was unacceptable or that he was medically unable to provide useful or efficient service. In essence, Welch's argument on this appeal is that in light of all the evidence, OPM should have reached a different conclusion in his case. That is a factual determination that we have no authority to review.