**Jean P. WARD, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 01–3192.

United States Court of Appeals, Federal Circuit.

Sept. 5, 2001.

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM's) decision to deny Ms. Jean P. Ward's application for disability retirement. *Ward v. Office of Pers. Mgmt.*, No. DC–83–1E–00–0070–I–1 (M.S.P.B. Feb. 8, 2000). Because the Board did not substantially depart from important procedural rights, misconstrue the governing legislation, or make some like error going to the heart of the administrative process, this court *affirms*.

I.

The Department of the Army (Army) employed Ms. Ward as a Staff Assistant with the Armed Forces Epidemiological Board. Ms. Ward applied for disability retirement under the Federal Employees' Retirement System (FERS). She alleged that she had the following diseases or injuries that kept her from meeting the physical requirements of her position: (1) tear of the posterior horn of the lateral meniscus; (2) Class IV medial shelf; (3) chondromalacia, contusion, effusion; and (4) severe left knee degenerative joint disease. OPM acknowledged that Ms. Ward had joint disease of the left knee. Nevertheless, OPM denied Ms. Ward's application, finding that the medical evidence was inconsistent with her claim as to the severity of her knee injuries or diseases. More-

over, OPM determined that the Army had made sufficient efforts to accommodate her. On reconsideration, OPM again concluded that Ms. Ward's medical conditions were not severe enough to prevent her performance of the essential duties of her "sedentary position." OPM also found that Ms. Ward's noted conduct service deficiency was not the result of her medical conditions.

Ms. Ward appealed OPM's determination to the Board. In its initial decision, the Board found that Ms. Ward was suffering from advanced degenerative arthritis in her left knee. After reviewing the evidence, the Board concluded that Ms. Ward did not show entitlement to disability retirement because her position was largely sedentary and her supervisors had agreed to accommodate her by removing the few duties that exceeded her physical limitations. The Board later denied Ms. Ward's petition for review. Ms. Ward petitions this court for review of the Board's decision. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II.

This court cannot review the factual underpinnings of FERS disability determinations. *Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 626 (Fed.Cir.1995). This court can only determine "whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Id.* (quoting *Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

▮ Ms. Ward argues that the Board did not consider all the evidence. However, the Board expressly based its disability determination on the probative value of all the evidence. The Board did refuse to consider evidence relating to Ms. Ward's psychiatric conditions because they were not the subject of Ms. Ward's disability retirement application. Even if this was an error, it related to non-subject conditions and it is thus not apparent that consideration of such evidence would have affected the Board's determination. Accordingly, any alleged error does not go to the heart of the administrative determination. To the extent that Ms. Ward argues that the Board failed to consider evidence by not giving it sufficient weight, this court lacks jurisdiction to consider Ms. Ward's argument. *See Smith v. Office of Pers. Mgmt.,* 784 F.2d 397, 400 (Fed.Cir.1986) (holding that a petitioner's argument would require this court to impermissibly consider factual underpinnings where the petitioner argued "that the decision-making process was fatally flawed because the evidence required the Board to conclude that the petitioner was disabled").

Ms. Ward asserts that the Board erred by not informing her, a pro se appellant, what was required to establish her case, citing *Harless v. Office of Personnel Management,* 71 M.S.P.R. 110, 113 (1996). However, the initial decisions of both the Board and OPM informed Ms. Ward of the requirements for establishing disability under FERS. Accordingly, the Board did not commit a grave procedural error going to the heart of the administrative proceeding.

Ms. Ward asserts that the Board made a legal error by relying on an informal, temporary modification of her duties in finding that her physical conditions did not prevent her from adequately performing her duties, citing *Gometz v. Office of Personnel Management,* 69 M.S.P.R. 115, 123 (1995), and *Benjamin v. Office of Personnel Management,* 45 M.S.P.R. 187, 191–92 (1990). However, the Board specifically found that all the limitations imposed by Ms. Ward's physician were "within those necessary for

her to perform her usual assigned duties," and that her supervisors had agreed to accommodate her by not assigning her the few duties that exceeded her physical limitations. This finding indicates that the slight modifications to her position were not just temporary informal modifications, but were permanent accommodations agreed to by her supervisors. Accordingly, the Board did not rely on informal temporary modifications, as Ms. Ward suggests.

Unlike *Bruner v. Office of Personnel Management,* 996 F.2d 290 (Fed.Cir.1993), this case did not require the Board to hold that the Army's actions constituted prima facie evidence of entitlement to disability retirement benefits. In *Bruner,* this court held that where an agency had separated a claimant because of disability, that separation created a presumption that the claimant was physically unable to perform the assigned job and that there was no other position that the claimant was able to perform. *Id.* at 294. This presumption shifted the burden of production to the Government, but the burden of proof remained with the claimant. *Id.* The Board had not considered "the prima facie case of disability that is presumed from the agency's removal action, and did not discuss whether the government's evidence was adequate to support a finding in its favor." *Id.* Accordingly, the Board committed a procedural error that went "to the heart of the administrative determination." *Id.* (quoting *Lindahl,* 470 U.S. at 791).

The Army did not remove Ms. Ward for disability reasons. Rather, the Army believed Ms. Ward could continue to perform the essential duties of her position. The Board also found that the Army agreed to accommodate Ms. Ward's physical limitations. These actions do not show that Ms. Ward was presumptively disabled.

Ms. Ward asserts that the Board erred in its factual findings. However, this court lacks jurisdiction to review the allegedly erroneous factual findings and thus does not address them.