**Richard W. FLEMING, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 04–3238.

United States Court of Appeals,
Federal Circuit.

Aug. 23, 2004.

Richard W. Fleming, Liberty, NY, pro se.

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

ON MOTION

DYK, Circuit Judge.

*ORDER*

The Office of Personnel Management (OPM) moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Richard W. Fleming's petition for review of the Merit Systems Protection Board's decision in *Fleming v. Office of Personnel Management,* NY–831E–03–0069–I–1 (Mar. 12, 2004). Fleming has not responded.

Fleming seeks review of the Board's decision sustaining the administrative judge's determination that Fleming failed to meet his burden of proving entitlement to disability retirement. In his informal brief, Fleming alleges that the Board "misinterpreted" a doctor's report and asks this court to "read doctor's letter clearing up what she stated."

In *Anthony v. Office of Personnel Management,* 58 F.3d 620, 626 (Fed.Cir.1995), we held that:

[T]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Lindahl [v. Office of Personnel Management,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) ] (quotation omitted).

Here, as in *Anthony,* "the petitioner simply asserts that the Board wrongly weighed the evidence." *Id.* In these circumstances, because Fleming's sole claim is that the Board's factual determinations were erroneous based upon the evidence presented, Fleming's petition for review does not fall within our limited scope of review. *See Smith v. Office of Personnel Management,* 784 F.2d 397, 399 (Fed.Cir. 1986) (challenge to sufficiency of evidence of disability was not error going to heart of administrative determination).

Accordingly,

IT IS ORDERED THAT:

(1) OPM's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

 

(2) OPM's motion to dismiss is granted.

(3) Each side shall bear its own costs.