Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3002

JOHN L. COOK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

John L. Cook, Jr., of Wetumpka, Alabama, pro se.

Jeffrey S. Pease, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3002

JOHN L. COOK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

—————————————————

DECIDED: April 9, 2007

—————————————————

Before RADER, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

John L. Cook, Jr., petitions for review of the final order of the Merit Systems Protection Board ("Board") sustaining the decision of the Office of Personnel Management's ("OPM") denial of Mr. Cook's request for disability retirement. We <u>affirm</u>.

BACKGROUND

Mr. Cook was employed as a Motor Vehicle Operator with the Department of the Army. He was removed from service on April 2, 2004. On March 29, 2005, he applied to OPM for disability retirement. In his application, he listed a number of medical conditions that, he claimed, caused him to be unable to perform the duties of his job.

OPM denied his application on July 18, 2005. Mr. Cook requested reconsideration and OPM affirmed its initial denial of his application on October 20, 2005. OPM's decision letter informed him of his appeal rights.

Mr. Cook filed an appeal with the Board. In the initial decision, the administrative judge affirmed OPM's denial of Mr. Cook's application. Cook v. Office of Pers. Mgmt., No. AT844E060133-I-1 (M.S.P.B. Apr. 6, 2006). The administrative judge found that "[t]he evidence [was] simply insufficient to establish that [Mr. Cook] suffers from a medical condition which prevented him from performing the essential functions of his former official position." Id., slip op. at 7. Mr. Cook petitioned for full board review of the administrative judge's decision. The Board denied the petition for review, making the administrative judge's initial decision the final decision of the Board. Cook v. Office of Pers. Mgmt., No. AT844E060133-I-1, slip op. at 2 (M.S.P.B. Aug. 2, 2006). Mr. Cook petitions this court for review of the Board's final decision.

## DISCUSSION

This court has jurisdiction to review a final decision of the Board under 28 U.S.C. § 1295(a)(9). When OPM denies a disability retirement application, and the Board affirms, this court's review is extremely limited. We cannot review the factual underpinnings of a disability determination. Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985); Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995). Put another way, this court cannot review the evidence in this case to determine whether the Board's decision was correct. Our review is limited to determining "whether there has been a substantial departure from important procedural rights, a

misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" <u>Lindahl</u>, 470 U.S. at 791 (citation omitted).

In this case, the Board found that there was not enough evidence to establish that Mr. Cook's medical conditions prevented him from doing his job as a Motor Vehicle Operator. In his brief to this court, Mr. Cook argues that he has multiple, uncontrolled health conditions and that he is requesting disability retirement benefits for his health conditions. We believe that Mr. Cook's arguments relate to the Board's factual determination that there was not enough evidence that Mr. Cook's medical conditions prevented him from doing his job. But, under <u>Lindahl</u>, we cannot review the evidence in this case to determine whether the Board's decision was correct. <u>See</u> <u>Smith v. Office of Pers. Mgmt.</u>, 784 F.2d 397, 400 ("The sufficiency of the evidentiary support for the Board's decision ordinarily would not be viewed as a question of procedural rights or construction of legislation, or analogous or comparable to those questions."). For this reason, we affirm the decision of the Board.

No costs.