NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3284

ROGER M. BONCELET,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Roger M. Boncelet, of Highland Park, New Jersey, pro se.

Timothy P. McIlmail, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3284

ROGER M. BONCELET,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH844E070201-I-1.

_____

DECIDED: July 8, 2008

_____

Before MICHEL, Chief Judge, RADER and MOORE, Circuit Judges.

PER CURIAM.

Roger M. Boncelet (Mr. Boncelet) petitions for review of the United States Merit Systems Protection Board's (Board) final order in Boncelet v. Office of Personnel Management, PH844E070201-I-1 (June 12, 2007). The initial decision of the Board, which became final on June 12, 2007, affirmed the Office of Personnel Management's (OPM's) reconsideration decision, which reaffirmed OPM's earlier determination to disallow Mr. Boncelet's disability retirement application under the Federal Employees' Retirement System. Mr. Boncelet petitions this court for review. The petition is dismissed for lack of jurisdiction.

## BACKGROUND

The Transportation Security Administration (TSA), Department of Homeland Security, terminated Mr. Boncelet's employment as a Transportation Security Screener at the Newark International Airport, effective January 28, 2005. TSA terminated Mr. Boncelet because he "did not successfully complete the Annual Proficiency Review (APR) and consequently [did] not meet the requirements for Annual Recertification as a Transportation Security Screener." Mr. Boncelet applied for disability retirement, and OPM dismissed the application as untimely, but OPM later reconsidered its initial decision and waived its timeliness requirement. OPM then disallowed Mr. Boncelet's application for disability retirement. OPM found Mr. Boncelet did not provide documentation showing any medical condition that could cause him to fail his recertification tests, and found there was no evidence that he had any inability to regularly attend work and perform his assigned duties prior to failing his recertification test. Mr. Boncelet appealed to the Board, and at Mr. Boncelet's request, the appeal was decided on the record without a hearing. The administrative judge affirmed OPM's reconsideration decision in an initial decision dated May 8, 2007, and that decision became final on June 12, 2007. This appeal followed.

## DISCUSSION

The scope of our review in disability retirement cases "is limited to correcting errors involving 'important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" Smith v. Office of Pers. Mgmt., 784 F.2d 397, 398 (Fed. Cir. 1986) (citation omitted).

We may not review the "factual underpinnings" of disability determinations. Id. (citation omitted).

Mr. Boncelet appears to agree that the Board applied the correct law. Pet. Br., Answer to Question No. 3. He does not ask us to correct any errors by the Board involving "important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." See Smith, 784 F.2d at 398. Rather, his arguments involve the factual underpinnings of the Board's decision. He argues that the Board failed to recognize certain aspects of his medical condition, including the severity of his seizures, the advice of his doctors, and the nature of his medication regimen. The government responds that the Board did take these facts into account. Because we do not have the power to review the factual underpinnings of the Board's decision, id. at 401, we dismiss the petition for lack of jurisdiction.

COSTS

No costs.