91 F.3d 169
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John P. DUNN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3739.
 United States Court of Appeals, Federal Circuit.
 June 7, 1996.
 
 Before ARCHER, Chief Judge, NEWMAN, and MICHEL, Circuit Judges.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 John P. Dunn petitions for review of the final decision of the Merit Systems Protection Board (MSPB) (No. CH831E930149-l-1) sustaining the reconsideration decision of the Office of Personnel Management (OPM) which denied Dunn's application for disability retirement. We dismiss the appeal for lack of jurisdiction.
 
 BACKGROUND
 
 2
 On September 19, 1990, Dunn, a mail carrier with the United States Postal Service (USPS), notified his supervisor that he could no longer perform his mail carrier duties due to degenerative arthritis in his knees. Dunn provided his supervisor with a September 20, 1990 letter from Loyal W. Jodar, M.D., an orthopedic surgeon, which stated that Dunn was "unable to ambulate more than 150 feet at any one time" because he had degenerative arthritis in both his knees. In January 1991, the USPS proposed Dunn's removal for violation of the USPS ethical code, but later agreed to "rescind" that action pending Dunn's application to OPM for disability retirement due to his degenerative arthritis.
 
 
 3
 On November 14, 1991, Dunn applied for disability retirement claiming that his degenerative arthritis prohibited him from performing his duties. In its reconsideration decision denying his application, OPM stated that Dr. Jodar did not provide any history of Dunn's condition or any physical findings concerning the changed condition of his knees. Dunn was thereafter removed from his position with the Postal Service.
 
 
 4
 Dunn appealed OPM's reconsideration decision to the MSPB. The administrative judge's April 16, 1993 decision held that Dunn had not met his burden of proving that his medical condition caused a service disability. The full board affirmed the administrative judge's initial decision.
 
 DISCUSSION
 
 5
 Pursuant to 5 U.S.C. § 7703(c), we must affirm a decision of the MSPB unless it is (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. We do not, however, have jurisdiction to review the factual underpinnings of a decision regarding disability. Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Smith v. Office of Personnel Management, 784 F.2d 397, 398 (Fed.Cir.1986). Because Dunn has not articulated any legal or procedural error in the MSPB's decision and has instead premised his appeal on arguments that the MSPB's factual findings are incorrect, we must dismiss this appeal for lack of jurisdiction.[1]
 
 
 
 [1]
 To the extent that Dunn has, in his appellate brief, attempted to raise issues and present evidence not before the MSPB, we have not considered these matters, as they are not properly before this court. Wallace v. Department of the Air Force, 879 F.2d 829, 832 (Fed.Cir.1989)